UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MEGAN G, individually and as a parent
of A.G. her minor child, et al.,

        Plaintiffs,

    v.                                              Case No. 12-C-115

APPLETON AREA SCHOOL DISTRICT,
MARY BERGLUND, RICHARD WATERS,
and LEE ALLINGER in his capacity as Superintendent
of the Appleton Area School District,

        Defendants.

**ORDER GRANTING MOTION TO INTERVENE**

        Plaintiffs, who are students at an elementary school, brought this action against the school district seeking damages for injuries they sustained as a result of an allegedly abusive teacher. The school board tendered the defense of the matter to its insurer, Community Insurance Corporation (CIC), and CIC now seeks to intervene to obtain a determination of coverage as to Mary Berglund, one of the defendants. CIC also seeks bifurcation. CIC is currently defending Berglund under a reservation of rights, but claims it has no duty to indemnify her or provide a defense. CIC is providing a defense to the other School District defendants.

        Plaintiffs oppose the motion on the ground that the insurer unreasonably delayed in moving to intervene and, further, that the insurer would not be prejudiced by the denial of its motion. The Court finds no undue delay, and is unconvinced that Plaintiffs will suffer prejudice if CIC is allowed to intervene. CIC's motion to intervene will therefore be granted.

Of course, undue delay can warrant denial of a party seeking intervention where it would cause prejudice to one of the other parties. Here, however, there has been no meaningful delay in CIC's filing its motion to intervene. The parties are currently engaged in discovery, and dispositive motions are not due until May 1, 2013. Trial is still almost a year away, and there is no reason to believe that allowing CIC to intervene will cause any delay. Plaintiffs argue that CIC's intervention will derail the mediation of the case scheduled for November 2, 2012, and bifurcation would only add to the delay and emotional trauma Plaintiffs have suffered.

Plaintiffs fail to explain how allowing CIC to intervene would upset the effort to resolve the case through mediation. To successfully mediate a case, it is generally important to involve all of the stakeholders, and as the insurer for some or all of the defendants, CIC is certainly a stakeholder. There is no reason for CIC not to participate in the mediation whether it is a party to the lawsuit or not. Regardless of whether its motion to intervene in this case is granted, CIC is entitled to seek a judicial determination of the question present whether it owes a duty to defend and indemnify Ms. Berglund for any damages for which she may be liable. For the Court to deny the motion would only require CIC to bring a separate action either in this or in some other court, raising the same issues. This would benefit neither party and only add to the time and expense needed to resolve the case. There is no reason the disputes arising out of Plaintiffs' lawsuit should be resolved in separate courts.

Based upon the foregoing, the Court concludes that the motion should be granted. Accordingly, CIC's motion to intervene is GRANTED. Its motion to bifurcate is DENIED, at least at this time, since nothing would be gained by ordering bifurcation at this time. CIC may renew

2

its motion, should it establish a need to have a separate trial or separate discovery, at some later date.

**SO ORDERED** this _____9th_____ day of October, 2012.

                                      s/ William C. Griesbach
                                      William C. Griesbach
                                      United States District Judge